UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

           Plaintiff,        Case No. 23-cr-20199

v.                                Judith E. Levy
                                United States District Judge
Raphael Jermaine Williams, Jr.,
                                Mag. Judge Anthony P. Patti

           Defendant.

_____/

**ORDER GRANTING IN PART THE GOVERNMENT'S
EMERGENCY MOTION FOR A STAY PENDING APPEAL [42]**

Before the Court is the government's emergency motion to stay the Court's dismissal of the indictment pending appeal. (ECF No. 42.) For the reasons set forth above, the motion is GRANTED IN PART.

Under Federal Rule of Appellate Procedure 8(a)(1), "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal[.]" Fed. R. App. P. 8(a)(1). "A stay pending appeal is a matter of judicial discretion, 'not a matter of right.'" *Memphis A. Philip Randolph Inst. v. Hargett*, 977 F.3d 566, 568

(6th Cir. 2020) (Order) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)). Four factors guide this discretion:

> (1) whether the stay applicant has made a strong showing that [they are] likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Hargett*, 977 F.3d at 568 (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). The government, "as the movant[ ], bear[s] the burden of showing that a stay is warranted under the circumstances." *Id.* (citing *Nken*, 556 U.S. at 433–34).

In its motion, the government asserts that the first factor is met because the government is likely to succeed on appeal. "[W]hile the party seeking a stay 'need not always establish a high probability of success on the merits,' the party 'is still required to show, at a minimum, "serious questions going to the merits."'" *Luxshare, Ltd. v. ZF Auto. US, Inc.,* 15

2

F.4th 780, 783 (6th Cir. 2021) (Order) (quoting *Griepentrog*, 945 F.2d at 153–54 (6th Cir. 1991)).

The government has made such a showing here. As the government points out, the Tenth and Eighth Circuits have both denied challenges to 18 U.S.C. § 922(g)(1) under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), while the Third Circuit is "[t]he only federal circuit court" that has gone the other way (at least with respect to some non-violent felonies). (*See* ECF No. 42, PageID.1542–1543 (citing *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023); *United States v. Jackson*, 69 F.4th 495, 501–06 (8th Cir. 2023); *Range v. Att'y Gen.*, 69 F.4th 96, 98, 106 (3d Cir. 2023) (en banc)).) The government also notes that "at least 30" other challenges to § 922(g)(1) under *Bruen* in the Eastern District of Michigan have been denied. (*See* ECF No. 42, PageID.1539–1540 & n.1 (citations omitted).)

Additionally, recent Sixth Circuit cases indicate that the Court's decision to dismiss the indictment (charging a § 922(g)(1) violation) under *Bruen* implicates a substantial question of first impression in this Circuit. In *United States v. Alvarado*, the Sixth Circuit underscored that "the extent of § 922(g)(1)'s constitutionality under *Bruen* is for now

3

'unsettled'" and that "the constitutionality of § 922(g)(1) is subject to reasonable dispute." 95 F.4th 1047, 1052 (6th Cir. 2024) (refusing to overturn the defendant's § 922(g)(1) conviction under plain-error review). And in *United States v. Vaughn*, the panel stated (contrary to this Court's conclusion) that "*United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010), . . . remains the binding law in this circuit." *United States v. Vaughn*, No. 23-5790, 2023 WL 9789018, at *1 (6th Cir. Sept. 28, 2023) (Order). Moreover, the constitutionality of § 922(g)(1) post-*Bruen* is currently before the Sixth Circuit in *United States v. Goins* (No. 23-5848), with oral argument having taken place on March 21, 2024.[1] (*See* ECF No. 42, PageID.1547.) Accordingly, the Court finds that the government's appeal presents "serious questions going to the merits." *Luxshare,* 15 F.4th at 783. The first factor therefore weighs in favor of a stay.

With respect to the second and fourth factors, the government contends that it and the public would be harmed without a stay. The government argues that "the Court has already determined that [Defendant Raphael Jermaine Williams, Jr.'s] release poses an

---

[1] *Goins* is particularly relevant here as the defendant in *Goins*, like Defendant in this case, was under state supervision at the time of the § 922(g)(1) offense.

unacceptable risk of harm to others." (ECF No. 42, PageID.1545.) The government also argues that Defendant's "possession of several machine guns and stolen police firearms and his connection to other crimes evidences the exact risk of harm that justified the Court's order detaining him pending trial." (*Id.*) Additionally, the government notes that Defendant "was under active felony probation supervision when he unlawfully possessed the stolen Detroit Police firearm." (*Id.* at PageID.1546.) The Court finds that failing to grant a stay may pose a risk of injury to the public and that, given the nature of gun violence, that injury may be irreparable. Thus, the second and fourth factors favor a stay.[2]

Regarding the third factor, the government asserts that Defendant's liberty interest may not be impacted by a stay. In its motion, the government contends that Defendant "currently faces a probation-revocation proceeding for his underlying felony convictions" and that "[i]t

---

[2] As to the second factor, the government does not show that it will be irreparably injured absent a stay. The Court, however, recognizes that the government has an interest in public safety. Therefore, an irreparable injury to the public may irreparably harm the government. But even without considering irreparable harm to the government, the Court concludes that the overall analysis of the applicable factors favors issuing a temporary stay, as set forth below.

5

is unknown whether or when he will be released by state authorities." (*Id.*) Defendant has been in custody for more than a year on this federal case and has a substantial liberty interest in not remaining in custody for a crime that may violate his constitutional rights. Moreover, it is not clear if or when Defendant will be subject to incarceration by the State of Michigan. As such, the Court finds that the third factor weighs against a stay.

Considering the four factors together, the Court concludes that a limited stay is warranted at this time to allow the government to file its appeal. Once a notice of appeal has been filed by the government under 18 U.S.C. § 3731, the Court may consider whether Defendant's continued detention is appropriate under 18 U.S.C. §§ 3142 and 3143(c).

For the reasons set forth above, the Court GRANTS IN PART the government's emergency motion to stay the Court's dismissal of the indictment pending appeal. (ECF No. 42.) The Court STAYS the dismissal of the indictment through 5:00 p.m. on Tuesday, May 7, 2024. The Court will hold a status conference and/or bond review hearing at 2:00 p.m. on Tuesday, May 7, 2024.

IT IS SO ORDERED.

6

Dated: May 2, 2024            s/Judith E. Levy
    Ann Arbor, Michigan       JUDITH E. LEVY
                                      United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2024.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager